IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KEILON DELAYNE JOHNSON,**

    **Petitioner,**

v.                                              Case No. 3:21cv946-MCR/MAF

**ASHLEY MOODY,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

On August 2, 2021, Petitioner Keilon Delayne Johnson, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On February 17, 2022, Respondent filed a response and motion to hold petition in abeyance, with exhibits. ECF No. 11. Petitioner has filed a reply, ECF No. 13, and a motion to amend, ECF No. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be

dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Keilon Delayne Johnson indicates he challenges his conviction dated May 8, 2019, and sentence imposed January 23, 2020, by the First Judicial Circuit, Okaloosa County, Florida, following his entry of a nolo contendere plea in case number 2017-CF-3125.  ECF No. 1 at 1.  In particular, Johnson was charged with two counts:  (1) principal attempted armed kidnapping with a weapon with intent to comment a felony, in violation of sections 777.011, 777.04, 787.01(1)(a)2., and 775.087, Florida Statutes (2017); and (2) principal attempted home invasion robbery with a firearm or deadly weapon, in violation of section 777.011, 777.04, 812.135(1)-(2)(a), and 775.087, Florida Statutes (2017).  Ex. 4 (Amended Information).[1]  The information specifically alleged, in Count 2, that "in the course of committing the offense, **KEILON D. JOHNSON** did carry and actually possess a firearm, a deadly weapon."  Ex. 4.

---

[1] Hereinafter, all citations, "Ex. –," refer to exhibits submitted with Respondent's response, ECF No. 11.
Case No. 3:21cv946-MCR/MAF

On May 7, 2019, Johnson signed a written plea agreement indicating he pled no contest with the understanding that the case would be sent for sentencing concurrent with another pending case, 2017-CF-3398, not consecutive. Ex. 5 (Plea and Sentencing Agreement). At the plea hearing, with defense counsel's understanding, the prosecutor orally amended Count 2: "[I]n addition to the language already cited, which does specifically allege that he possessed a firearm during the commission of the crime, we would add the language of 775.0872(a)(1)." Ex. 6 at 4. The trial court accepted the plea and set the matter for sentencing. *Id*. at 6. On January 23, 2020, the trial court adjudicated Johnson guilty and sentenced him to fifteen (15) years in prison, with a minimum mandatory term of ten (10) years, followed by ten (10) years on probation. Ex. 7 at 20-21 (sentencing hearing transcript); Ex. 8 (Judgment and Sentence). The sentence indicates that "[e]ach case and count in this judgment shall run concurrent with each other." Ex. 8 at 7.

Johnson, through counsel, timely appealed his conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D20-638. Ex. 9 (docket). On July 8, 2020, Johnson's counsel filed

a Notice of Voluntary Dismissal.  Ex. 11.  By order on July 9, 2020, the First DCA dismissed the appeal pursuant to Florida Rule of Appellate Procedure 9.350(b).  Ex. 12.

On December 21, 2020, Johnson filed a motion to correct his sentence under Florida Rule of Criminal Procedure 3.800(a), asserting the 10-year minimum mandatory term on Count 2 is illegal.  Ex. 15.  By order on May 20, 2021, the state trial court denied the motion.  Ex. 16.  Johnson then filed a "Motion for Rehearing, Treat as 3.850, Habeas Corpus, or All Writs Petition."  Ex. 17.  By order rendered June 30, 2021, the trial court denied the motion.  Ex. 18.  Johnson appealed to the First DCA, assigned case number 1D21-2012, and filed an initial brief.  Ex. 19.  The State filed an answer brief.  Ex. 20.  On January 20, 2022, the First DCA affirmed the case per curiam, without an opinion.  Ex. 21.  The mandate issued February 17, 2022.  *See* online docket for 1D21-2012 at www.1dca.org.

As indicated above, Johnson filed this § 2254 petition on August 3, 2021.  ECF No. 1.  In this petition, he raises two grounds:

> (1) "There is no factual basis for any of the crimes designated in the Court's Judgment and Sentence papers."  ECF No. 1 at 5.  He indicates "exhaustion is ongoing" and references the appeal in First DCA case number 1D21-2012.  *Id*.

> (2) "Illegal Sentence." *Id*. at 7. He again references the appeal in First DCA case number 1D21-2012. *Id*. at 8.

Near the end of the petition, Johnson answers a question asking whether there is "any ground in this petition that has not been presented in some state or federal court," and he states, "Ineffective assistance of counsel for not raising the issues presented in this motion." *Id*. at 12. He then states, "No access to institutional law library due to pandemic in U.S. this past year & the necessity of timeliness in this petition." *Id*.

On February 17, 2022, Respondent filed a response and motion to hold petition in abeyance, with exhibits. ECF No. 11. Respondent asserts Ground 1 is "not exhausted as issue only addressed in motion for rehearing," Ground 2 is "soon to be exhausted, waiting on mandate," and the additional ineffective assistance of counsel (IAC) claim is not exhausted. *Id*. at 7. In addition, regarding the IAC claim, Respondent states:

> As to his "Additional Ground," . . . it seems clear that the Petitioner wants to file some sort of ineffective assistance claim in state court against counsel for not raising his Grounds 1 & 2. On the other hand, it is not clear whether he would be contesting trial counsel's actions via a 3.850 motion, or whether rhe would be contesting appellate counsel's actions or inactions, via a habeas petition in the First District. Further, it is not clear whether any of those actions could be timely filed in state court

> at this time, and it is doubtful that this Court would have the authority to somehow toll or reinstate the running of any state filing limitations periods. Nonetheless, this Court may wish to order that this case be held in abeyance while Petitioner attempts to raise his claims in state court.

*Id*. at 7-8. Respondent asserts, alternatively, Ground 2 may be denied on the merits, Ground 1 may be denied as "the issue was not properly presented to and ruled upon, on the merits, by any state court (having only been mentioned in his motion for rehearing)," and any IAC claim is unexhausted "since none has been presented to the state courts." *Id*. at 8-9.

Petitioner has filed a reply. ECF No. 13. Petitioner agrees with Respondent "that Petitioner's petition was presented as a 'place-holder' petition filed to toll the running of petitioner's 1-year federal limitations period while Petitioner raises and exhausts Petitioner's claims in state court." *Id*. at 5. Petitioner states that he "has subsequent to the filing of this Petition filed a "motion for Postconviction Relief" in the Circuit Court of the First Judicial Circuit in and for Okaloosa County, Florida." *Id*. Petitioner references an "attached Memorandum, Clerk, Okaloosa, Fla.," *id*., but nothing is attached to Petitioner's reply. Petitioner takes issue with Respondent's analysis regarding the exhaustion of Ground 1. *See id*.

Petitioner has also filed a Motion to Amend.  ECF No. 12.  In this motion, Petitioner requests the Court allow him to amend his § 2254 petition to include "Ground Three:  The Uninformed Nature of Petitioner's Plea" and asserts "[t]his error is plain on the face of the record."  *Id*. at 2.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).  "This is

a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Id.

Further, pursuant to § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). The statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be promptly examined and if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review

process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).

In this case, both Petitioner and Respondent indicate state court remedies have not been exhausted. See ECF No. 11 at 7-9; ECF No. 13 at 5. Although the appeal from the denial of his Rule 3.800(a) motion, in 1D21-2012, has now concluded, Petitioner states in his reply that he has recently filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 in the state circuit court. See ECF No. 13 at 5. Because Petitioner still has a pending action in state court, he has not yet exhausted his available state court remedies and his § 2254 petition should be dismissed without prejudice. See 28 U.S.C. § 2254(b)(1)(A); see, e.g., Rose v. Lundy, 455 U.S. 509, 518 (1982) (explaining that "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings"); Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007) ("Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for

challenging his conviction, either on direct appeal or in a state post-conviction motion.").

Neither Petitioner nor Respondent cite any authority to hold the petition in abeyance.  *See* ECF Nos. 1, 11, 13.  Pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), a stay is available only in limited circumstances.  Specifically, in <u>Rhines</u>, the U.S. Supreme Court held that a "stay and abeyance" of a mixed federal habeas petition is appropriate only if (1) the petitioner had "good cause" for failing to exhaust the claims in state court; (2) the unexhausted claims are "potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id*. at 277-78.  Petitioner has not alleged or demonstrated that he meets any of these three requirements.  Indeed, although he indicates that he has since filed a Rule 3.850 motion in state court, he has not attached a copy of that motion or indicated the claims he has raised in the motion.  It will likely take many more months for that motion to be ruled upon and any appeal thereon decided.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Petitioner Johnson's § 2254 petition, ECF No. 1, be **DISMISSED without prejudice**; Respondent's motion to hold the petition in abeyance, ECF No.

11, be **DENIED**; and Petitioner's motion to amend, ECF No. 12, be **DENIED as moot**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument regarding whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed,

the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that it is respectfully **RECOMMENDED** that Petitioner Johnson's § 2254 petition, ECF No. 1, be **DISMISSED without prejudice**; Respondent's motion to hold petition in abeyance, ECF No. 11, be **DENIED**; and Petitioner's motion to amend, ECF No. 12, be **DENIED**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 30, 2022.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a**

**Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**